United States District Court
Southern District of Texas
**ENTERED**
August 19, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CADENCE BANK, | § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. H-23-2678 |
| JPMORGAN CHASE BANK, N.A., et al., | § § § | |
| Defendant. | § § § | |

**MEMORANDUM AND ORDER**

The dispute in this case has been litigated for over a year, both in this court and in a state court in Alabama. The plaintiff, Cadence Bank, has asked the court to transfer this court to Alabama so that it can be consolidated with the case pending there. Alternatively, Cadence Bank seeks to dismiss this case, without prejudice. Both motions are denied, for the reasons set out below.

**I.     The Motion to Transfer.**

Cadence Bank's motion to transfer cannot be granted. The Alabama case is in state court. The statutory bases to transfer are horizontal; they apply only to transfer from one federal court to another. *See* 28 U.S.C. § 1404(a); 1406. There is no statutory authority for a vertical transfer from a federal court to a state court in a different state. The motion to transfer is denied.

**II.    The Motion to Dismiss**

Cadence Bank's motion to have the court dismiss the case without prejudice is denied. Rule 41(a) authorizes a court to dismiss on terms that the court deems proper. The Fifth Circuit has held that a Rule 41(a)(2) motion should not be granted if the case has proceeded far in the litigation,

the dismissal would circumvent rulings on pending motions that could be adverse to the movant, or dismissal would strip the defendant of an otherwise available defense. *Harris v. Devon Energy Prod. Co., L.P.*, 500 Fed. App'x 267, 268 (5th Cir. 2012). All three circumstances are present.

First, the case has been pending for over a year. Extensive discovery occurred before the discovery cut off of July 12, 2024.

Second, Chase Bank has filed pretrial motions in this court that are important to this litigation, including motions to exclude Cadence Bank's experts, for partial judgment on the pleadings, and to dismiss an unserved defendant. The work that has gone into these motions would be lost if the case was dismissed without prejudice. Cadence Bank's motion to transfer would enable it to avoid potentially adverse rulings on these motions.

Third, if this court grants Chase's motion to dismiss EIG, that would be potentially adverse to Cadence Bank, which has alleged that Chase Bank aided and abetted EIG in defrauding Cadence Bank. Granting Cadence Bank's motion to dismiss the complaint would avoid a ruling dismissing EIG from this case.

In short, Cadence Bank's motion to dismiss without prejudice appears designed to allow Cadence Bank to avoid potentially adverse rulings and to deprive Chase Bank of the benefits of the discovery it has conducted and the motions it has filed. Cadence Bank's motion to voluntarily dismiss is denied.

**III.     Conclusion**

Chase Bank's motions to exclude Cadence Bank's expert witnesses and for partial

judgment will be separately addressed. Cadence Bank's motions to dismiss or to transfer are denied.

SIGNED on August 19, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge